COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JAVIER TAPIA ALARCON,                               )

                                                                              )               No.  08-02-00177-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
346th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )                      (TC# 76918)

                                                                              )

 

 

O
P I N I O N

 

Appellant, Javier
Tapia Alarcon, appeals a conviction for delivery of
less than one gram of cocaine.  He raises
a single issue on appeal, arguing the trial court erred by failing to award him
credit for time served in this case prior to the adjudication of guilt.  We will affirm.

Appellant was
charged by indictment with unlawful delivery of less than one gram of cocaine.[1]  On April 13, 1995, he pleaded guilty and was
placed on five years=









deferred-adjudication
probation.  On April 12, 2000, the State
filed a motion to adjudicate guilt.  On
April 25, 2000, a hearing was held on the State=s
motion.  The trial court revoked
Appellant=s
deferred-adjudication probation, entered a finding of guilt, and placed him on
two years=
community supervision.  On October 23,
2001, the State filed a motion to revoke community supervision.  On January 24, 2002, the trial court held a
hearing on the State=s
motion and revoked Appellant=s
community supervision.  The trial court
then sentenced Appellant to 

twenty-two
months=
incarceration.  Appellant was not given
credit for time he had previously served on the case.  Appellant now brings this appeal, arguing the
trial court erred by not awarding him credit for time previously served on this
matter.  

We begin by noting
an appellant must first make a complaint or take appropriate action in the
lower court in order to present a complaint for appellate review.  Tex.R.App.P. 33.1(a).  If an appellant fails to raise an issue at
trial in the form of a timely request, objection, or motion, that issue is
simply not preserved for appellate review. 
Id.  In the case before us,
Appellant contends the trial court erred by failing to award credit for time he
had previously served.  However,
Appellant freely admits that nothing in the record before us establishes the
actual amount of time served.  The
Appellant failed to raise this issue with the trial court during any of the
hearings related to this cause.  At the
time the trial court revoked Appellant=s
community supervision, the judge clearly stated on the record that there would
be no credit for time served.  Appellant=s counsel said nothing in response to
the court.  Because Appellant failed to
object to the trial court=s
decision or establish any record with regard to this matter, the issue is
waived on appeal.  Tex.R.App.P. 33.1(a).








For the reasons
stated above, we affirm the trial court=s
judgment.

 

July
29, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Appellant was convicted of two separate offenses, and first given deferred
adjudication and then placed on community supervision in each case.  A single revocation hearing was later held to
determine whether community supervision should be revoked in each case.  Because the underlying causes of action and
subsequent appeals are separate, independent opinions will be issued.  The facts related to the revocation hearing
and Appellant=s
issue on appeal are the same in both cases. 
The companion case on appeal is #08-02-00177-CR.